# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | No. 2:12-cr-415-003-DCN |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| WINARD MONTEZ EADY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on defendant Windard Montez Eady's motion to reconsider an order denying discovery of the grand jury transcript. ECF No. 177. Defendant initially requested production of the entire transcript of the grand jury proceeding that resulted in his indictment. ECF No. 137. The government produced the transcript except for pages 1-16. In an email to the parties, the court denied defendant's motion for production with regard to pages 1-16 of the transcript, and defendant now asks the court to reconsider that denial.

Rule 6(e)(2)(B) of the Federal Rules of Criminal Procedure prohibits certain individuals, including government attorneys, from disclosing "matters occurring before the grand jury." However, a "court may authorize disclosure – at a time, in a manner, and subject to any other conditions that it directs – of a grand jury matter (i) preliminary to or in connection with a judicial proceeding" or "(ii) at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E). The party requesting such disclosure must make a "strong showing of a particularized need for grand jury materials before any disclosure will be permitted." United States v. Sells Eng'g, Inc., 463 U.S. 418, 443 (1983). To do so, the movant must demonstrate that "(1) the materials are needed to

1

avoid an injustice in another proceeding; (2) the need for disclosure is greater than the need for continued secrecy; and (3) the request is structured to cover only needed materials." United States v. Moussaoui, 483 F.3d 220, 235 (4th Cir.2007) (citing Douglas Oil Co. v. Petrol Stops Nw., 441 U.S. 211, 222 (1979)). This showing must be made even when the relevant grand jury has completed its operations because "courts must consider not only the immediate effects upon a particular grand jury, but also the possible effect upon the functioning of future grand juries." Douglas Oil Co., 441 U.S. at 222.

Defendant has shown no particularized need for disclosure of pages 1-16 of the grand jury transcript in this case. Neither his initial motion to order production nor his motion for reconsideration contain any rationale for disclosure of the pages at issue. Defendant has failed to meet his initial burden with regard to establishing particularized need.

For this reason, the court **DENIES** defendant's motion for reconsideration, ECF No. 117.

**AND IT IS SO ORDERED**.

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**October 16, 2013**
**Charleston, South Carolina**